UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**THE UNITED STATES OF AMERICA,**            :
:  **08 Cr. 1240 (HB)**
:
-against-                                    :  **OPINION & ORDER**
:
**MALIK ASHFAQ,**                            :
:
**Defendant.**                     :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

Defendant Malik Ashfaq ("Ashfaq") is one of two defendants who were indicted under a five-count superseding indictment (the "Indictment") that was returned by the grand jury on February 2, 2009. Before the Court is Ashfaq's Motion to Arrest Judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure. Ashfaq argues that the Court should arrest judgment pursuant to his guilty plea to two of the five counts of the Indictment because the language of the Indictment does not charge an offense. For the reasons that follow, Ashfaq's motion is denied.

## I.  BACKGROUND

Ashfaq was first indicted on December 10, 2008. On February 2, 2009, the grand jury returned a five-count superseding indictment charging Ashfaq with: conspiracy to commit identification document fraud and access device fraud, in violation of 18 U.S.C. § 371 (Count One); access device fraud, in violation of 18 U.S.C. § 1029(a)(2) (Count Two); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Three); money laundering, in violation of 18 U.S.C. § 1956 (Count Four); and naturalization fraud, in violation of 18 U.S.C. § 1425 (Count Five).

Pursuant to a plea agreement with the Government, Ashfaq appeared before the Court on May 13, 2009 to plead guilty to Counts Two and Five of the Indictment.[1] Count Two of the Indictment charged Ashfaq with access device fraud as follows:

> From at least in or about 2006 up to and including in or about November 2008, in the Sothern District of New York and elsewhere, MALIQ ASHFAQ, a/k/a "Mohammad Ashfaq Ahmad" and AKHTAR ISLAM, the defendants, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, did traffic in and use one and more unauthorized access

---

[1] Under the terms of the plea agreement, the Government agreed not to further prosecute Ashfaq for the conduct charged in the Indictment, including the conduct charged in Counts One, Three and Four.

>devices during a one-year period, and by such conduct obtained things of value aggregating $1,000 and more during that period, to wit, ASHFAQ and ISLAM fraudulently obtained money and tangible goods by applying for and using credit cards in names of fraudulent identities.

Count Five of the Indictment charged Ashfaq with naturalization fraud as follows:

>From at least in or about August 2001 up to and including in or about September 2002, in the Southern District of New York and elsewhere, MALIK ASHFAK, a/k/a "Mohammad Ashfaq Ahmad," the defendant, who was not entitled to do so, unlawfully, willfully and knowingly procured, obtained and applied for naturalization and citizenship, to wit, ASHFAQ submitted a fraudulent application for naturalization, which was received and processed in Manhattan, in which he failed to disclose, among other things, earlier deportation proceedings against him during which he used a different name.

At the May 13, 2009 hearing during which Ashfaq entered his plea of guilty to Counts Two and Five of the Indictment, he waived public reading of the Indictment and stated that he had discussed the charges to which he was pleading guilty with his attorney and was satisfied with her representation.  The Court then advised Ashfaq of all of the rights he would forfeit by pleading guilty, to which Ashfaq replied that he still desired to plead guilty.  The Court then reviewed the terms of the plea agreement, and Ashfaq confirmed that he understood the terms of that agreement, and that he was pleading guilty voluntarily because he was, in fact, guilty of the charged crimes.

After the Government recited the elements of the crimes charged in Counts Two and Five, Ashfaq's counsel stated that she would have no legal defenses that might prevail if the matter were to proceed to trial.  Ashfaq then allocuted to the crimes charged in Counts Two and Five.  Specifically, as to Count Two, Ashfaq allocuted that he had "been involved in access device fraud and applying for credit cards and using them and buying things and obtaining the cash with the credit cards. . . . [and] used the cards in New Jersey and also in the stores and other places," as well as in this District.  Ashfaq also confirmed that he collected items of value in excess of approximately $100,000 to $200,000 – far in excess of the required amount of $1,000 under the statute.  With respect to Count Five, Ashfaq admitted that his application for United States naturalization had included false statements, including his failure to disclose that he had previously been ordered deported from the United States under a different name.  The Court

accepted Ashfaq's guilty plea and scheduled his sentencing for August 20, 2009 at 11:00 a.m. Ashfaq then filed the instant motion on May 27, 2009.

## II.  DISCUSSION

**A.     Legal Standard**

Rule 34 states that the Court may arrest judgment if "the indictment . . . does not charge an offense," or "the court does not have jurisdiction of the charged offense."  Fed. R. Crim. P. 34(a).  In deciding a Rule 34 motion, "a court may not look beyond the facts of the record, which consists of no more than the indictment, the plea, . . . and the sentence."  *United States v. Muyet*, 994 F. Supp. 550, 563 (S.D.N.Y. 1998) (citations omitted).  As one court has noted, motions for Rule 34 relief "are rarely made, and it is even rarer that they are granted."  *United States v. Douglas*, No. 02-80863, 2006 U.S. Dist. LEXIS 90035, at *12-13 (E.D. Mich. Dec. 13, 2006) (quoting 3 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 571 (3d ed. 2004)).

An indictment meets the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  Thus, the Second Circuit has explained that "an indictment must charge a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."  *Id.* (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)).  In determining whether an indictment is sufficiently stated, the Second Circuit has found that the "indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  *Alfonso*, 143 F.3d at 776; *see also United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002).  Moreover, an indictment "must be read to include facts which are necessarily implied by the specific allegations made."  *LaSpina*, 299 F.3d at 177 (quoting *Stavroulakis*, 952 F.2d at 693).

**B.     Analysis**

In this case, Asfaq's Rule 34 motion does not dispute jurisdiction; rather, he argues that, as drafted, the counts to which he pled guilty fail to charge an offense.  With respect to Count

Two, Ashfaq appears to argue that the language as drafted is overly broad because it fails to state a specific one-year period of time during which the offense was committed, and fails also to specify the $1,000 that Ashfaq obtained, as required under the statute.  Ashfaq also argues that Count Two of the indictment fails because it lacks specificity as to particular credit cards that Ashfaq is alleged to have used fraudulently.  As to Count Five, Ashfaq argues that the allegations of the Indictment fail because the language omits the essential element of knowledge.  Ashfaq's arguments are without merit.

      Both Counts Two and Five tracked the relevant statutory language, which this Court and the Second Circuit consistently have found to be sufficient to satisfy the Government's pleading burden under Rule 7(c).  Moreover, both counts went beyond the statutory language to include clauses that further described the acts that Ashfaq was alleged to have committed.  These "to wit" clauses in both counts of the Indictment were sufficient to place Ashfaq on notice of the offenses with which he was charged and served the salutary purposes espoused by Rule 7(c).  The Rules and case law simply do not require the level of specificity that Ashfaq advocates in his motion with respect to Count Two.  Moreover, Ashfaq has not articulated any basis for a finding of prejudice on his part.  Indeed, he expressly allocuted to the essential elements of the crime, including that he obtained between $100,000 and $200,000 in a one-year period from using fraudulently obtained credit cards.

      With respect to Count Five, Ashfaq is simply mistaken—contrary to his contentions, the Indictment explicitly alleged that he "unlawfully, willfully and *knowingly* procured, obtained and applied for naturalization and citizenship." (emphasis added).  Thus, from the face of the indictment, it is clear that the knowledge requirement was expressly alleged.  The cases that Ashfaq cites are not to the contrary, as they merely stand for the proposition that the statute contains a knowledge requirement.  *See Amouzadeh v. Winfrey*, 467 F.3d 451, 457 (5th Cir. 2006) (holding than an applicant violates section 1425 "by seeking naturalization with the knowledge that the applicant is ineligible for naturalization, or has knowingly misrepresented facts or presented false documents"); *accord United States v. Alameh*, 341 F.3d 167 (2d Cir. 2003).  This knowledge requirement was included in the language of Count Five, and Ashfaq expressly pled guilty to having knowingly provided false information on his naturalization application.  Accordingly, his arguments with respect to Count Five must fail.

## III. CONCLUSION

For the foregoing reasons, the Court finds no substantive or jurisdictional pleading deficiency in the Indictment, and thus Plaintiff's motion to arrest judgment is DENIED. The Clerk of the Court is instructed to close this motion.

**IT IS SO ORDERED.**

New York, New York
June 23, 2009

_____
U.S.D.J.